## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MISSY CASTRO, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| LEIGH & ASSOCIATES, LLC, | : **COMPLAINT** |
| Defendant. | : |

For this Complaint, the Plaintiff, MISSY CASTRO, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's violations of Nevada Revised Statutes ("NRS") 649.375, NRS 598.0915, and NRS 598.0923 in its illegal efforts to collect a debt.

2.     This action also arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

3.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of

Nevada.

## PARTIES

5.      The Plaintiff, MISSY CASTRO ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant LEIGH & ASSOCIATES, LLC  ("L&A"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by L&A  and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      L&A at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

9.      Plaintiff allegedly incurred a financial obligation (the "Debt") to U.S. Bank (the "Creditor").

10.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to L&A for

collection, or L&A was employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

13.     Pursuant to NRS 649.020:

> "Collection agency" means all persons engaging, directly
> or indirectly, and as a primary or a secondary object,
> business or pursuit, in the collection of or in soliciting or
> obtaining in any manner the payment of a claim owed or
> due or asserted to be owed or due to another.

14.     It is a violation of NRS 649.075(1) to engage in the business of

collecting claims for others in the State of Nevada or seek to make collection or

obtain payment of any claim on behalf of another without having first applied for

and obtained a "license".

15.     Pursuant to NRS 649.075(2) "[a] person is not required to obtain a

license if the person holds a certificate of registration as a foreign collection

agency issued by the Commissioner pursuant to NRS 649.171."

16.     At the time it attempted to collect the Debt, Defendant did not "hold a

certificate of registration as a foreign collection agency issued by the

Commissioner pursuant to NRS 649.171" as exempted in NRS 649.075(2).

17.     At the time it attempted to collect the Debt, Defendant did not first

apply for and obtain an NRS 649 license from the Commissioner as required under

3

NRS 649.075(1), prior to collecting the Debt from Plaintiff.

18.    Accordingly, at the time it attempted to collect the Debt, Defendant engaged "in the business of collecting claims for others" without a license and thereby violated NRS 649.075.

## B. L&A Engages in Harassment and Abusive Tactics

### FACTS

19.    In May 2014, the Defendant called the Plaintiff's phone and threatened to "serve" her paperwork and threatened that Plaintiff "needs to get a lawyer."

20.    When the Plaintiff inquired why she needed a lawyer, the Defendant, through its representative stated that the Plaintiff was being "taken to Court" and her "wages [we]re going to be garnished" and a "lien was going to put on [her] house" unless the Plaintiff made immediate arrangements to repay the Debt.

21.    Defendant had not filed (nor has it since) for a writ of execution to garnish the Plaintiff's wages.  The threat of imminent wage garnishment could therefore not be carried out and Defendant's threats of garnishment were deceptive and oppressive devices intended to scare the Plaintiff into making a payment on the Debt.

22.    In a further attempt to intimidate the Plaintiff in into making an immediate arrangement to repay the Debt, the Defendant's representative

threatened that he knew the Plaintiff's social security number and had information

about all the Plaintiff's credit lines, including her car loan and her address.

23.     In fact, the Debt was in default over eight years at the time Defendant

made the above threats to sue the Plaintiff and garnish her wages.

24.     Accordingly, the Debt could not be sued upon as it was stale and time

barred from any legal action to enforce the Debt.

25.     Defendant's threats were not only oppressive, but deceptive in that the

Defendat could not carry through with any of its threats to collect the Debt.  Nor

did it intend to do so.

26.     This lawsuit results.

## C. **Plaintiff Suffered Actual Damages**

27.     The Plaintiff has suffered and continues to suffer actual damages as a

result of L&A's unlawful conduct.

28.     As a direct consequence of L&A's acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety,

emotional distress, fear, frustration and embarrassment.

## D. **Respondeat Superior Liability**

29.     The acts and omissions of L&A, and the other debt collectors employed

as agents by L&A who communicated with Plaintiff as more further described

herein, were committed within the time and space limits of their agency relationship with their principal, Defendant L&A.

30.     The acts and omissions by L&A and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by L&A in collecting consumer debts.

31.     By committing these acts and omissions against Plaintiff, L&A and these other debt collectors were motivated to benefit their principal, Defendant L&A.

32.     L&A is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

35.     The Defendants' conduct violated 15 U.S.C. § 1692e in that

Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

36.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

37.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants stated that non-payment of the debt would result in the Plaintiff's arrest or imprisonment or the seizure, garnishment or attachment of Plaintiff's property.

38.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

39.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

40.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

41.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

42.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43.    The Plaintiff is entitled to damages as a result of Defendants' violations.

44.    The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

46.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

47.    Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private

8

concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

48.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

49.     The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

50.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## COUNT III
## VIOLATIONS OF NRS 649.375 AND 649.075

51.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The Defendants' conduct violated NRS 649.375 in that Defendant used subterfuge, pretense or deceptive means or representations to collect a debt.

53.     The Defendants' conduct violated NRS 649.075 in that Defendant attempted to collect a debt without first obtaining the required license.

54.     The Plaintiff is entitled to damages as a result of Defendants'

violations.

55.    The Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT IV
## VIOLATIONS OF NRS 598.0915

56.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.    The Defendant's conduct violated NRS 598.0915(15) in that Defendant knowingly made false representations in its attempt to collect the Debt. Specifically, by threatening, among other things, that the Plaintiff would be "garnished" unless she immediately paid the debt.

58.    Further, Defendant could not sue or otherwise attempt to collect the time barred Debt, therefore threats to do so were deceptive.

59.    The Plaintiff is entitled to damages as a result of Defendants' violations.

60.    The Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

...

## COUNT V
## VIOLATIONS OF NRS 598.0923

61.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.   The Defendant's conduct violated NRS 598.0923(1) in that Defendant was conducting the business of debt collection as defined pursuant to NRS 649 *et seq* without the licenses required under NRS 649.

63.   The Defendant's conduct violated NRS 598.0923(3) in that Defendant violated a state or federal statute in attempting to collect the Debt.  Specifically, by violating NRS 649 and the FDCPA (to the extent applicable through NRS 649.370).

64.   The Defendant's conduct violated NRS 598.0923(4) in that Defendant used coercion, duress or intimidation in its attempt to collect the Debt. Specifically, by threatening, among other things, that it would garnish the Plaintiff's wages unless she immediately paid the Debt.

65.   The Plaintiff is entitled to damages as a result of Defendant's violations.

66.   The Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

11

## COUNT VI
## VIOLATIONS OF NRS 41.600(2)(e) AND NRS 598 et seq.

67.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

68.     Defendant willfully engaged in deceptive trade practices pursuant to NRS 598.0999, 598.0915 and 598.0923as discussed in the aforementioned allegations.

69.     Defendant's acts were willful as that term is meant to be applied pursuant to NRS 598.0999.

70.     These acts constitute "consumer fraud" pursuant to NRS 41.600(3)(a).

71.     Pursuant to 598.0999(2), the Court can impose a civil penalty of $5,000 for each violation of NRS 598.0915, 598.0923 as well as NRS 41.600 and the Plaintiff hereby requests relief under these statutes, or any other statute applicable herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress

the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

1. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2. for such other and further relief as may be just and proper.

## COUNTS III THROUGH VI

## VIOLATIONS OF NRS 41.600(3) AND 598 *et seq*

As a result of Defendant's violations of the Nevada Deceptive Trade Practices Act, the Plaintiff seeks:

1. damages in an amount to be determined trial;

2.  injunctive relief prohibiting Defendant from continuing to violate the

    Nevada Deceptive Trade Practices Act in the future;

3.  for statutory damages pursuant to NRS 598.0999 and/or 41.600;

4.  for punitive damages;

5.  for attorney's fees and costs; and

6.  for any other and further relief that the Court may deem just and

    proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 2, 2014

Respectfully submitted,

By  /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*MISSY CASTRO*